## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

3/26/2014

RE:   Fernando Nunez v. Marirosa Lamas et al
        CA No. 12-7196

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Hart, on this date in the above captioned matter.  You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)).  **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge**.

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: John Arrow, Deputy Clerk

cc:   Courtroom Deputy to Judge Jones
        Nunez
        Dunlavey

civ623.frm
(11/07)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FERNANDO NUNEZ                              :        CIVIL ACTION
                                            :
        v.                                  :
                                            :
MARIROSA LAMAS, et al.                      :        NO. 12-7196

REPORT AND RECOMMENDATION

JACOB P. HART                                               DATE:
UNITED STATES MAGISTRATE JUDGE

        This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by

an individual currently incarcerated at the State Correctional Institute at Rockview,

Pennsylvania.  For the reasons that follow, I recommend that the petition be denied.

I.      Factual and Procedural Background

        On July 30, 2004, Nunez was convicted by a jury sitting in the Court of Common Pleas

for Philadelphia County of first degree murder, arson, criminal conspiracy, and possession of

instruments of crime.  Petition at ¶ ¶ 1-5.  On September 22, 2004, he was sentenced to a

mandatory life term of imprisonment on the murder charge, plus a consecutive term of 10 to 20

years' imprisonment on the other charges.  Petition at ¶ 3.

        Nunez's conviction arose out of the September 10, 2002, shooting of an individual named

Brian Scott, who sold drugs for him.  Trial Transcript of July 27, 2004, Testimony of Rashaan

Washington at 64.  As it emerged at trial, Nunez was angry at Scott because he had allowed the

police to find a large quantity of drugs belonging to Nunez which were in Scott's possession.

Id., at 65-67, 76.  On the day of the shooting, Nunez, along with Rashaan Washington and Edwin

Rodriguez, had borrowed Scott's car.  Id. at 74.  At some point, Scott phoned Nunez and

threatened to call the police on him if his car was not returned quickly.  Id. at 75-6.  The three

other men then picked up Scott. Id. at 81. Eventually, they stopped the car in a parking lot. Id. at 85. Nunez shot Scott in the head and then set the car on fire. Id. at 85-86.

Nunez filed a direct appeal in which he argued that the evidence was insufficient to support his convictions, and also that his convictions were against the weight of the evidence. Commonwealth v. Nunez, No. 2774 EDA 2004 (Pa. Super. June 14, 2006). The Superior Court rejected his appeal in a decision dated June 14, 2006, finding that both arguments had been waived. Id. The Pennsylvania Supreme Court denied Nunez's petition for allowance of appeal. Commonwealth v. Nunez, 911 A.2d 934 (Pa. Nov. 1, 2006).

On or about October 3, 2007, Nunez filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et seq*. Amended PCRA Petition, attached to Commonwealth's Response as Exhibit B, at 2. He subsequently filed an Amended Petition. Id. The Court of Common Pleas then appointed counsel, who filed a second Amended PCRA Petition. Amended Post Conviction Relief Act Petition, attached to Commonwealth's Response as Exhibit D.

In the counseled Amended PCRA petition, Nunez argued that trial counsel, who was also appellate counsel, had been ineffective in waiving the claims regarding the sufficiency of the evidence and the weight of the evidence (although at the same time suggesting that the Appellate Court was mistaken regarding the sufficiency claim). Exhibit D.

On June 31, 2009, after reviewing the petition and the Commonwealth's response thereto, the PCRA court issued notice of its intent to dismiss the petition as meritless, pursuant to Pa R. Crim. P. 907. Commonwealth v. Nunez, CP-51-CR-0205251-2203, 2671 EDA 2009 (Pa. Super. July 6, 2010), attached to Commonwealth's Response as part of Exhibit H at 3. Although PCRA counsel was inadvertently not sent a copy of the notice, Nunez obtained it and filed a *pro se*

2

response. Id. Nevertheless, the PCRA court dismissed Nunez's petition on August 21, 2009.

Id.

PCRA counsel filed a notice of appeal from the dismissal on September 16, 2009, and a

1925(b) statement of matters complained of on appeal on October 15, 2009. Id. However, on

October 22, 2009, Nunez filed a *pro se* motion seeking to dismiss counsel and represent himself.

Id. Leave was granted, after the hearing required by Commonwealth v. Grazier, 552 Pa. 9

(1998). Id. at 4.

As the PCRA court described it, Nunez raised the following issues in his *pro se* statement

under Rule 1925(b):

> Whether the Court erred by denying PCRA relief without an evidentiary hearing when
> PCRA counsel was not served with the rule 907 Notice; whether the Court abused its
> discretion or committed an error of law by issuing a notice that failed to provide
> sufficient specific reasons for dismissal in violation of Pa. R. Crim. P. 907 and
> established case law; whether the Philadelphia County Court of Common Pleas Rule 907
> notice form utilized by all criminal judges violates a PCRA petitioner's state and federal
> due process right to adequate notice; whether PCRA counsel was ineffective for failing to
> file a motion to vacate the dismissal of his PCRA court's final order pursuant to 42 Pa.
> C.S.A. § 5505, as to afford the court a reasonable opportunity to correct its alleged Rule
> 114(B)1 and Rule 907(1) violations to achieve substantial justice and fairness prior to
> filing a notice of appeal; whether the PCRA Court lacked jurisdiction to order him to file
> a 1925(b) [statement] when the Superior Court remanded his case solely to conduct a
> Grazier hearing; and whether PCRA counsel was ineffective for failing to advance
> alleged arguably meritorious claims initially raised in his pro se amended petition
> challenging the effectiveness of prior counsel.

Id. at 4-5.

In a decision dated February 29, 2012, the Superior Court denied Nunez's appeal, ruling

that his PCRA petition had been properly dismissed without a hearing. Commonwealth v.

Nunez, No. 2671 EDA 2009 (Pa. Super. Feb. 29, 2012), attached to Commonwealth's Response

as Exhibit I.

Nunez then filed the present petition for habeas corpus relief. In it, he has argued that (1) the evidence adduced at trial was insufficient to support his conviction for criminal conspiracy; (2) appellate counsel was inadequate in waiving the two appellate issues; (3) he was "constructively denied post-conviction counsel at a critical stage of the post-conviction proceeding, which precluded counsel from acting effectively to present and/or advance issues of merits contained within Nunez's pro se pleadings at a meaningful time and manner"; (4) trial counsel was ineffective for failing to assert challenges under Batson v. Kentucky, 476 U.S. 79 (1986), during jury selection; and (5) trial counsel was ineffective in twelve other respects as enumerated below.

II.     Discussion

A.      Sufficiency of the Evidence

Nunez argues that insufficient evidence was presented at trial to support his conviction for criminal conspiracy. He maintains that the evidence did not show that Washington, Rodriguez or April Velez, his then-girlfriend who sheltered him after the killing, shared the specific intent to promote or facilitate Scott's murder.

In his direct appeal, Nunez pointed out that he and Washington each argued at trial that the other man had killed Scott and set fire to the car. Appellate Brief at 14. He argued that this did not provide evidence of a conspiracy: "In essence, Washington says that the defendant 'did it', while the defendant claims that Washington 'did it', but with neither claiming that they worked together or had conspired." Id. Nunez admitted that the Commonwealth could argue that conspiracy was shown by circumstantial evidence, but argued that the circumstantial evidence of an agreement was not shown to "flow from the facts and circumstances proved", as required under Pennsylvania law. Id. at 14-15.

4

In its decision, the Superior Court did not address the conspiracy argument on its facts, but rather decided that all of Nunez's claims of insufficiency of the evidence were actually claims going to the weight of the evidence. Commonwealth's Exhibit A, supra, at 5.[1]  As such, Nunez had waived any claim pertaining to the sufficiency of the evidence. Id. It then deemed the "weight of the evidence" claims waived for failure to raise them before the trial court. Id. at 6.

To the extent that the Superior Court was correct in identifying Nunez's claim as to the conspiracy conviction as one pertaining to the weight of the evidence, the issue must be considered procedurally defaulted here. The procedural default barrier, in the context of habeas corpus law, precludes a federal court from reviewing a state petitioner's habeas claim if the state court would deem that claim defaulted under an independent and adequate state rule. Coleman v. Thompson, 501 U.S. 722, 729 (1991); Carter v. Vaughan, 62 F.3d 591, 595 (3d Cir. 1995).

Nevertheless, it is also arguable that Nunez's sufficiency claim as to the conspiracy conviction (as opposed to the claims he raised as to his homicide and arson convictions) was truly one of sufficiency of the evidence, since neither of the two postulated conspirators testified that they conspired together. Where a properly exhausted claim is not adjudicated on the merits by the state court, a habeas court may review *de novo* legal questions and mixed questions of law and fact. See Marrero v. Horn, 505 F. Appx. 174, 178 (3d Cir. 2012). Whether evidence is sufficient is a question of law. U.S. v. Moyer, 674 F.3d 192, 206 (3d Cir. 2012);  Baltimore & Carolina Line v. Redman, 295 U.S. 654, 659 (1935).

---

[1] The Superior Court explained that, in deciding a challenge to the sufficiency of the evidence "we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to establish every element of the offense beyond a reasonable doubt." Exhibit A, supra, at 2.  A weight of the evidence claim, on the other hand, entails a credibility assessment. Id. at 5.

An appellant raising a claim of insufficiency of the evidence bears a "very heavy burden." U.S. v. Ozcelik, 527 F.88, 93 (3d Cir. 2008), citing United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998). The question for the habeas courts is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." U.S. v. Ozcelik, supra, citing Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Under Pennsylvania law, a conspiracy conviction requires proof of (1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy. Commonwealth v. Spotz, 716 A.2d 580, 592 (Pa. 1998), *cert. denied*, 526 U.S. 1070 (1999). The existence of an agreement may be established inferentially by circumstantial evidence, i.e., the relations, conduct or circumstances of the parties or their overt acts. Id.

In this case, there was more than enough circumstantial evidence to permit a rational trier of fact to infer a conspiracy between Nunez and Washington. Washington testified that he did not know that Nunez intended to kill Scott. Trial Transcript of July 27, 2004, at 79, 82. Nevertheless, he also testified that, after Scott ended the call in which he threatened to call the police, Nunez complained to Washington about Scott's behavior, both because of the threat, and because of the quarter pound of cocaine Scott let fall into the hands of the police, saying "he couldn't keep taking all the losses." Trial Transcript of July 27, 2004, at 76. Washington testified that Nunez said "I'm going to merc that boy." Id. at 81-82. He testified that to "merc" someone meant to kill them. Id.

Washington also testified that Nunez asked him to buy some gasoline in a container from a gas station, and that he did this. Id. at 79. After the shooting, Rodriguez ran away, but Washington stood by while Nunez set the car afire, and then took shelter with Nunez at April

6

Velez's house. Id. at 86-88. He gave his bloodied jeans and sneakers to Velez for her to throw away. Id. at 89, 109-110. It is also relevant that Washington, by his own testimony, was Nunez's "partner" in drug sales. Id. at 63. Clearly, the relations, circumstances, and conduct of Washington and Nunez would have permitted a rational inference that they conspired with each other to kill Scott.

B.      Ineffective Assistance of Counsel on Direct Appeal

Nunez argues that he was denied "the right to a full and fair direct appeal in violation of the Fourteenth Amendment" when his direct appellate counsel waived his sufficiency of the evidence claim by supporting it only with credibility arguments which the Court of Appeals construed as pertaining to the weight of the evidence. This would seem to amount to a claim of ineffective assistance of counsel on direct appeal. It is unexhausted and procedurally defaulted.

PCRA counsel included an ineffective assistance of counsel claim pertaining to the waiver of the sufficiency of the evidence argument in Nunez's PCRA petition. Commonwealth's Exhibit D, supra, at 2. However, after Nunez's PCRA petition was dismissed, and Nunez obtained leave to proceed *pro se*, he did not appeal the denial of this claim to the Superior Court. Commonwealth's Exhibit H, supra, at 4-5.

Before a petitioner may be granted habeas corpus relief on a particular claim, he must exhaust that claim by presenting it to the highest state court. Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995). Appeal to the Pennsylvania Superior Court is sufficient. Whitney v. Horn, 280 F.3d 240, 250 n.10 (3d Cir. 2002). The exhaustion requirement is not a mere formality, but is based on rules of comity between state and federal courts. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999). Because Nunez did not present this claim to the Pennsylvania Superior Court, it is not exhausted, and cannot be considered here.

7

Moreover, Nunez could not return to the state courts to exhaust the claim now, because it is also procedurally defaulted. A PCRA petition must be filed within one year of the date the petitioner's judgment became final. 42 Pa. C.S.A. § 9545(b)(1) (1998). This includes a second or successive petition. Id. Judgment became final in Nunez's state court case on approximately January 1, 2007, when the period for seeking review in the United States Supreme Court expired following the November 1, 2006, denial of his direct appeal. Id. at § 9545(b)(3). Even if Nunez could file another petition, he could not exhaust this claim in it, because his failure to include the claim in his first PCRA appeal rendered it waived. Id. at § 9544(b).

To survive procedural default in the federal courts, a petitioner must demonstrate either (a) cause for the default and actual prejudice arising from the alleged violation of federal law, or (b) that failure to consider the clams will result in a fundamental miscarriage of justice. Coleman, supra at 501 U.S. 750. To establish a fundamental miscarriage of justice, the petitioner must demonstrate actual innocence. Schlup v. Delo, 513 U.S. 298 (1995).

Nunez has not demonstrated, or even argued, that he is actually innocent. He has, however, alleged that the procedural default was caused by PCRA counsel's ineffective assistance: "PCRA counsel failed to properly present the issue and/or failed to properly present the issue before Post-Conviction court." Petition at ¶ 12, Ground Two (b). He maintains that he could not have presented the issue in the PCRA appeal because "the Supreme Court of Pennsylvania has created a judicial rule barring PCRA petitioner from advancing any claim attacking PCRA counsel's effectiveness for the first time on appeal." Id. at (d)(7).

In this case, however, as noted, PCRA counsel *did* include in the PCRA petition a claim that counsel on direct appeal was ineffective in failing to properly raise a claim based on insufficient evidence. Therefore, without inquiring too deeply into the point of Pennsylvania law

8

which Nunez has cited, it is clear that Nunez had no need to allege ineffectiveness of PCRA

counsel in his PCRA appeal. All he had to do was appeal the dismissal of the claim as raised

below. He did not do this.

Clearly, the default of this claim is a result of Nunez's actions, and not those of PCRA

counsel. For that reason, this case does not implicate Martinez v. Ryan, -- U.S. --, 132 S. Ct.

1309 (2012), in which the United States Supreme Court ruled that, at times, a PCRA attorney's

ineffective assistance in failing to file a claim can constitute cause for the purposes of procedural

default.

C.    Denial of Effective PCRA Procedure

In Nunez's third claim, he argues that he was constructively denied PCRA counsel at a

"critical stage" of his PCRA proceeding. This claim is not cognizable in a habeas corpus

petition, because it alleges a violation during a collateral post-conviction proceeding. As the

Court of Appeals for the Third Circuit has explained:

> The federal courts are authorized to provide collateral relief where a petitioner is in state
> custody or under a federal sentence imposed in violation of the Constitution or the laws
> or treaties of the United States. 28 U.S.C. § § 2254, 22255. Thus, the federal role in
> reviewing an application for habeas corpus is limited to evaluating what occurred in the
> state or federal proceedings that actually led to the petitioner's conviction; what occurred
> in the petitioner's collateral proceeding does not enter into the habeas calculation.

Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004), *cert. denied* 554 U.S. 1063 (2005),

quoting Hassine v. Zimmerman, 160 F.3d 941, 954-955 (3d Cir. 1998), *cert. denied* 526 U.S.

1065 (1999).

Nunez has not set forth a factual basis for this claim. However, to the extent that Nunez

is referring to the PCRA court's failure to notify counsel of its intention to dismiss the petition, it

is clear that it could not succeed on its merits. Nunez became aware of the Superior Court's

notice. He could have forwarded it to counsel. Instead, he filed a *pro se* response.

9

D.    Batson

Nunez argues that his trial counsel was ineffective in failing to raise objections under

Batson v. Kentucky, 476 U.S. 79 (1986) during jury selection.  Nunez did not raise this issue

before the Commonwealth courts, and it is, consequently, unexhausted and procedurally

defaulted.  According to Nunez, this is the fault of PCRA counsel, who failed to conduct a

competent investigation of the record.

         To the extent that PCRA counsel's ineffectiveness could excuse procedural default under

Martinez v. Ryan, supra, it is still clear that the claim could not succeed on its merits.  This is for

the simple reason that Nunez has not pointed to any improper statement or action by the

Commonwealth.  He merely alleges, in general terms, that "during jury selection, the prosecutor

struck jurors for discriminatory reasons that appeared to be motivated by potential jurors' race,

age or social background."  The fact that, as he argues, PCRA counsel was ineffective in failing

to order a transcript of jury selection does not change this:  Nunez is not entitled to assert a

baseless claim first, and then seek some underlying evidence after that.  Conclusory allegations

such as this may be disposed of without further investigation by the District Court in a habeas

proceeding.  U.S. v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).

5.    Other Claims of Ineffective Assistance of Counsel

         In his fifth claim, Nunez has alleged that trial counsel was constitutionally ineffective in

that he failed to:

> (1) properly advise Nunez as to whether to testify at his trial; (2) request gun powder
> residue testing on a T-shirt admitted as evidence; (3) investigate the terms of a plea
> agreement entered by Francisco Olmeda, a prosecution witness who said that Nunez had
> told him that he killed Scott; (4) object to the admission of a prior statement made by
> April Velez; (5) prevent the improper admission of certain letters he wrote to Velez; (6)
> object to improper reference by the prosecutor to Velez's preliminary hearing testimony;
> (7) object to the improper reading of Olmeda's statement into evidence; (8) prevent the
> admission of Rodriguez's prior statement; (9) prevent the improper admission of

10

evidence as to Nunez's propensity to commit crimes; (10) object to the reading of
Washington's prior statement into evidence; (11) prevent Nunez from having to
"comment on Commonwealth witnesses' credibility and out-of-court statements"; (12)
request a mistrial after the prosecution questioned Nunez about prior crimes and bad acts.
Finally, (13) Nunez claims that all of these instances of error cumulatively deprived him
of a fair trial.

Petition at Attachment, Claim No. 5.

Some of these claims were raised in Nunez's Rule 1925 statement in his PCRA appeal, at

least obliquely, in the form of an argument that PCRA counsel had been incompetent in failing to

"advance arguable meritorious ineffective assistance of counsel claims initially raised in

defendant's *pro se* amended PCRA petition challenging [trial counsel]'s ineffectiveness at trial."

Exhibit H to Commonwealth's Response, supra, at Statement of Matters Complained of on

Appeal.

However, in his Superior Court brief, Nunez included in the Statement of Questions

Presented section of his brief only three claims challenging the legality of the dismissal of his

PCRA petition. Exhibit H to Commonwealth's Response, supra. These were the only claims he

discussed in the body of his brief, and they were, therefore, the only claims discussed by the

Superior Court in its decision. Id. and Exhibit I to Commonwealth's Response, supra. Under

Pennsylvania law, Nunez abandoned his other claims. PA R. App. P. 2116 ("No question will be

considered unless it is stated in the statement of questions involved or is fairly suggested

thereby"); Winkelspecht v. Pa. Board of Probation and Parole, 813 A.2d 688, 691 at n.1 (Pa.

2002).

Accordingly, the claims of ineffective assistance of trial counsel are unexhausted and

procedurally defaulted because the deadline for exhausting them is long past. As above,

procedural default can be excused only upon a showing of actual innocence, or cause and

prejudice for the default. Nunez has not made either of these showings.

11

**The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.**

IV.     Conclusion

Based on the foregoing, I make the following:

R E C O M M E N D A T I O N

AND NOW, this 2 6 day of March, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There is no basis for the issuance of a certificate of appealabilty.

BY THE COURT

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUNEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARIROSA LAMAS, et al. | : | NO. 12-7196 |

## O R D E R

C. DARNELL JONES, II, J.

        AND NOW, this        day of        , 2013, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of the United States Magistrate Judge Jacob P. Hart, it is ORDERED that:

    1.    The Report and Recommendation is APPROVED and ADOPTED;

    2.    The petition for writ of habeas corpus is DENIED.

    3.    There is no basis for the issuance of a certificate of appealability.

        BY THE COURT:

        _____

        C. DARNELL JONES, II, J.