IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUNEZ, | : | |
| Petitioner, | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 12-7196 |
| MARIOSA LAMAAS et al., | : | |
| Respondents. | : | |

Jones, II    J.                                                                                February 23, 2015

## MEMORANDUM

Fernando Nunez ("Petitioner") has filed *pro se* objections to the Report and Recommendation ("R&R") of the Honorable Jacob P. Hart, United States Magistrate Judge. (Dkt No. 34.) The Government did not respond.

The Court overrules Petitioner's objections, adopts and affirms the R&R, and dismisses Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

### I.    Background

#### a.    Direct Appeal and Pennsylvania Post Conviction Relief Act Appeal

On July 30, 2004, Petitioner was convicted by a jury sitting in the Court of Common Pleas for Philadelphia County of first-degree murder, arson, criminal conspiracy, and possession of instruments of crimes. On September 22, 2004, Petitioner was sentenced to serve a mandatory term of life in prison without the possibility of parole, plus a consecutive, aggregate term of 10 to 20 years' imprisonment on his other offenses.

Petitioner filed a timely direct appeal alleging that the evidence was insufficient to support his convictions and that his convictions were against the weight of the evidence. On June 14, 2006, the Pennsylvania Superior Court affirmed the convictions and the sentences and rejected his appeal finding that both of his arguments had been waived. *Com. v. Nunez*, No. 2774 EDA 2004, 905 A.2d 1047 (Pa. Super. Ct. June 14, 2006). On November 1, 2006, the Pennsylvania Supreme Court denied review. 911 A.2d 934 (Pa. Nov. 1, 2006.)

On October 3, 2007, Petitioner filed a *pro se* collateral appeal under the Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et seq.* with the Court of Common Pleas in the First Judicial District of Pennsylvania. On December 31, 2007, Petitioner filed an Amended PCRA Petition (docketed on January 4, 2008). (Dkt No. 16, Resp. to Pet'r Pet. for Writ of Habeas Corpus [hereinafter Resp.] Ex. B.)[1] On March 19, 2008, the PCRA Court appointed counsel to represent Petitioner. On March 16, 2009, Petitioner's counsel filed a Second Amended Petition. (Resp. Ex. D.)[2] The Second Amended Petition argued that trial counsel had been ineffective in waiving the claims regarding sufficiency and weight of the evidence, and that there was not sufficient evidence. (Resp. Ex. D.)

The Commonwealth filed a Motion to Dismiss Petitioner's counseled Second Amended Petition. On July 31, 2009, the PCRA Court issued notice of its intent to dismiss Petitioner's "*pro se*" Petition as meritless within twenty (20) days, pursuant to Pa. R. Crim. P. 907. Petitioner's counsel was not sent a copy of the notice, but Petitioner was. Petitioner filed a pro-se response. (Resp. Ex. E.) On August 21, 2009, Petitioner's counseled Amended Petition was denied as meritless and not afforded a hearing.

Petitioner's appointed counsel filed a notice of appeal and a Statement of Matters Complained of on Appeal pursuant to Pa. R. App. P. 1925(b). Petitioner filed a motion to have the matter remanded to the PCRA Court to permit him to represent himself on appeal. Following a hearing, the PCRA Court granted Petitioner's request and ordered Petitioner to file a revised Statement of Matters Complained of on Appeal. Petitioner filed a Rule 1925(b) Statement. (Resp. Ex. F.) The PCRA Court held that Petitioner's case was properly dismissed. (Resp. Ex. G.)

Petitioner then filed a brief of appeal to the Pennsylvania Superior Court. (Pet'r App. to Superior Court, Resp. Ex. H [hereinafter Sup. App.].) On February 29, 2012, the Pennsylvania Superior Court denied Petitioner's appeal, ruling that his PCRA petition had been properly dismissed without a hearing. *Com. v. Nunez*, No. 2671 EDA 2009, 46 A.3d 830 (Pa. Super. Ct.

---

[1] The Court notes that the Petitioner disputes that this filing was in fact an appropriately filed "Amended Petition." The Court discusses this point further *infra*.

[2] The Court notes that the Petitioner disputes that this filing was in fact an appropriately filed "Amended Petition." The Court discusses this point further *infra*.

Feb. 29, 2012); (Resp. Ex. I.) The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. 55 A.3d 523 (Pa. Oct. 29, 2012).

### b. Petitioner's Habeas Claims

On December 26, 2012, Petitioner timely brought a writ of habeas corpus alleging five grounds for relief:[3]

1. Petitioner's conviction and sentence for criminal conspiracy violated the due process clause of the Fourteenth Amendment in that the evidence was insufficient and no rational fact finder could have found all the elements of the charge met beyond a reasonable doubt. (Pet. at 5-7.)
2. Petitioner was denied the right to a full and fair appellate direct appeal in violation of the Fourteenth Amendment when appellate counsel waived all issues on appeal. (Pet. at 7-9.)
3. Post-conviction proceedings were fundamentally unfair in violation of the Due Process Clause and Equal Protection of the Fourteenth Amendment. (Pet. at 9-10.)
4. Trial counsel failed to act effectively under the Sixth Amendment when failing to lodge and/or preserve specific objections under *Batson* during the jury process. (Pet. at 10-12.)
5. Trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment because:
    a. Petitioner's decision to testify was not exercised in a knowing, intelligent, or voluntary manner;
    b. Counsel failed to request gun powder residue testing on the white t-shirt.
    c. Counsel failed to conduct independent investigation regarding the terms and conditions of Mr. Olemeda's Plea Agreement;
    d. Counsel failed to object to the improper admission of prejudicial evidence, including: Ms. Velez's prior statement; Ms. Velez's letters; Ms. Velez's statement on redirect; references to preliminary testimony; Mr. Olemeda's statement; Mr. Rodriguez's out-of-court statement; Mr. Rodriguez's letter; propensity evidence; Mr. Washington's prior statement;
    e. Counsel failed to object to numerous incidents of prosecutorial misconduct: instance where Petitioner was compelled to answer on commonwealth witnesses and out-of-court statements; instance where Petitioner was required to answer about prior bad acts. (Pet. at 17-30.)
    f. Trial counsel's performance deprived Petitioner of a fair trial in violation of the Fourteenth Amendment.

(Dkt No. 1, Pet'r Pet. for Writ of Habeas Corpus [hereinafter Pet.] at 30.)

This case was referred to the Honorable Jacob P. Hart, United States Magistrate Judge, for a Report and Recommendation. (Dkt No. 2.)

---

[3] Petitioner's Petition listed six causes of action. The Court finds that the sixth is a subset of the fifth and may be properly construed as part of the fifth claim.

### c. Government's Response

The Magistrate Court granted five motions for extension by the Government. (Dkt Nos. 6, 8, 11, 13, 15.) On August 6, 2013, the Government responded. (Resp.) The Government argued that Petitioner's claims were barred by the procedural default doctrine and/or were lacking merit. (Resp. at 1.)

### d. Petitioner's Reply and Subsequent Motions

Across three Orders, the Magistrate Court affirmed four motions for extension for a Reply Brief by Petitioner. (Dkt Nos. 19, 20, 29.) On March 19, 2014, Petitioner moved for the fifth extension of time to file a Reply Brief. (Dkt No. 31.) On March 20, 2014, the Magistrate Court denied Petitioner's Motion for a Fifth Extension of time to file a Reply Brief. (Dkt No. 32.) The Court held that:

> "Nunez has demonstrated that he is not yet in possession of certain boxes of his possessions which were sent to him when he was transferred one state correctional institution to another. Nevertheless, because a reply brief can contain nothing more than discussion of issues already researched and asserted in Nunez's Petition and the Commonwealth's Response, it does not appear that Nunez would be significantly prejudiced by lack of access to these materials at this stage. What is more, the situation arose only after Nunez already requested four extensions of time, the first on August 28, 2013.
>
> Finally, it should be noted that Nunez has a right to file Objections to the undersigned's Report and Recommendation in this matter. The undersigned suggests the he file timely Objections, nothing therein where he is hampered by the lack of any specific material."

(Dkt No. 32.)

On November 6, 2013, Petitioner filed a motion for discovery. (Dkt No. 22.) On January 27, 2014, Petitioner filed a motion for documents and transcripts. (Dkt No. 23.) On February 4, 2014, Petitioner moved to expand the record. (Dkt No. 26.) On March 26, 2014, the Magistrate Court denied all these discovery-related motions. (Dkt No. 33.)

On January 27, 2014, Petitioner filed a motion for appointment of counsel. (Dkt Nos. 24-25.) On March 19, 2014, Petitioner filed a motion requesting that the Court enter a disposition on the pending motion for appointment of counsel. (Dkt No. 31.) On March 26, 2014, the Magistrate Court denied Petitioner's motions related to appointment of counsel. (Dkt No. 33.)

4

### e. Magistrate Court's Report and Recommendation

On March 26, 2014, the Magistrate Court issued its Report and Recommendation ("R&R"). (Dkt No. 34, Report and Recommendation.)

### f. Petitioner's Objections

With no objections timely filed, this Court approved and adopted the R&R. (Dkt No. 36.) On May 1, 2014, Petitioner moved to extend time to file objections to the R&R. (Dkt No. 38.) On May 19, 2014, Petitioner moved for relief from the judgment under Rule 60(b)(1). (Dkt No. 39.) On June 5, 2014, the Court granted both of Petitioner's motions. (Dkt No. 40.)

On July 11, 2014, Petitioner filed Objections to the Report and Recommendation. (Dkt No 41, Pet'r Objs. to the R&R [hereinafter Objs].) Petitioner made the following objections:

1. The Magistrate Court abused its discretion in denying Petitioner's fifth extension motion. This "objection" is not an "objection" to the R&R per se, but rather an appeal of a Magistrate Court decision.

2. The Magistrate improperly afforded the PCRA Court's findings of facts and conclusions of law deference, despite the PCRA's procedural errors, including that (a) the PCRA Court never afforded Petitioner the opportunity to file an amended Petition, thus the Court should have considered only Petitioner's initially filed PCRA Petition and not his Second Amended, counseled Petition, and (b) the PCRA's failure to provide notice to Petitioner's PCRA counsel denied Petitioner effective assistance of counsel at a key stage of the PCRA Petition.

3. The Magistrate Court abused its discretion in denying Petitioner's Motion for Appointment of Counsel.

The Government did not respond to these objections.

5

## II. Standard of Review

When objections are filed to the R&R of a Magistrate Judge, the District Court must review *de novo* those portions of the R&R to which objection is made. 28 U.S.C. §636(b)(1). If there are no objections to the R&R or when reviewing those portions of the R&R to which no objections are directed, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

The Court reviews those portions of the R&R to which objection were taken *de novo*. As for the portion of the R&R to which no objection was made, the Court reviews the R&R for clear error.

## III. Discussion

### 1. The Court finds that the Magistrate Court did not abuse its discretion when denying Petitioner's fifth extension motion under the circumstances of this case. (Pet. Objs. at 2.)

Petitioner argues that the Magistrate Court abused its discretion when it denied Petitioner's fifth extension motion. (Objs. at 2-12.) This "objection" is properly construed as an appeal from the Magistrate Court's Order dated March 20, 2014, (Dkt No. 32), denying Petitioner's Motion for an Extension to file a Reply. This Order concerns a non-dispositive issue. A District Court may reverse a Magistrate Judge's order for a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A), only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b). A ruling is clearly erroneous if the reviewing court has "the definite and firm conviction that a mistake has been committed." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). "Clear error thus requires something more than simple disagreement." *F.T.C. v. NHS Systems*, Inc., 2011 WL 5979573, at *3 (E.D. Pa. 2011). Under the clearly erroneous standard, the District Court shall not reverse the Magistrate Judge's determination even where the Court might have decided the matter differently. *Cardona v. Gen. Motors. Corp.*, 942 F.Supp. 968, 971 (D.N.J. 1996).

Upon review for clear error, the Court finds none. It was appropriately in the Magistrate Court's discretion to deny the fifth extension. The reasons stated by the Magistrate Court do not

constitute clear error. Moreover, the Magistrate Court correctly provided Petitioner with notice that any potential prejudice stemming from this decision could be addressed in Petitioner's Objections to the R&R. Petitioner does make such allegations in his Objections to the R&R, addressed independently *infra*.

Petitioner's objection is OVERRULED.

### 2. The Magistrate Court properly afforded the PCRA Court deference.

Petitioner objects that the Magistrate Court was unduly deferential to the PCRA Court's findings of fact and conclusions of law. (Objs. at 10-12.) Petitioner alleges two reasons why the Magistrate Court need not be deferential to the PCRA Court. First, Petitioner alleges that neither his pro-se nor his counseled PCRA Amended Petitions were filed consistent with the PCRA pleading requirements. (Objs. at 7.) Therefore, Petitioner's argument asserts, the PCRA's holding to dismiss his PCRA counseled Amended Petition was improperly based on the wrong filing. (Objs. at 7.) Second, Petitioner argues that the PCRA Court's failure to serve notice on Petitioner's counsel of the PCRA Court's intent to dismiss Petitioner's PCRA Petition was a procedural failure. (Objs. at 8.) Moreover, the PCRA Court's notice stated that it planned to dismiss Petitioner's "*pro se*" Petition, but the PCRA Court actually, ultimately dismissed Petitioner's counseled Second Amended Petition. (Objs. at 11.)

Petitioner argues that because of these alleged procedural errors in the PCRA Court's process, any finding of fact or conclusion of law by the PCRA Court was not due the level of deference afforded it by the Magistrate Court. Thus, any decision made by the Magistrate Court based on deference paid to the PCRA Court would need to be reviewed *de novo*.

Petitioner correctly observes that the procedural legitimacy of the PRCA proceedings can be considered when determining what amount of deference to afford the PCRA Court's findings of fact and conclusions of law. Generally, federal courts collaterally reviewing state proceedings must afford considerable deference to state courts' legal and factual determinations. 28 U.S.C. § 2254(d); *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004). Federal courts must defer to legal determinations "with respect to any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). That said, "the procedures a state court applies when adjudicating a petitioner's claims may also be relevant during habeas review. The extent to which a state court afforded a defendant adequate procedural means to develop a factual record" can be a consideration while applying deference under § 2254(d). *Lambert*, 387 F.3d at 239.

However, even assuming *arguendo* that these procedural errors did exist, the Magistrate Court did not rely upon any findings of fact or conclusions of law of the PCRA Court as to any dispositive issue in the R&R. This Court could find only one place in the entirety of the R&R where the Magistrate Court explicitly relied upon a finding of fact or conclusion of law of the PCRA Court. This one instance: the Magistrate Court quoted the PCRA Court's recital of Petitioner's claims in his Statement under Rule 1925(b) as part of the R&R's fact section. (R&R at 3.) Review of Petitioner's actual Rule 1925(b) Statement reveals that the synopsis written by the PCRA Court accurately and fully depicts the claims brought by Petitioner in his Rule 1925(b) Statement. (*See* Pet'r 1925(b) App., Resp. Ex. H [hereinafter 1925(b) App.].) Thus, this Court finds no error in the Magistrate Court's deference to this finding of fact.

Petitioner takes a broader approach to the concept of "deference" and argues that the Magistrate Court improperly "deferred" to the PCRA Court's "finding of fact" that the "PCRA counsel and Nunez filed 'Amended PCRA Petitions' before the PCRA court" throughout the R&R. (Objs. at 11-12.) Petitioner argues that these were not in fact "Amended Petitions" because they were not properly filed. (Objs. at 11.) Petitioner is correct that the Magistrate Court mentions as a "fact" that the PCRA Court dismissed the counseled Amended Petition.

The Court finds no improper deference to this "finding of fact." Rather, this is a fact. The PCRA Court did in fact dismiss the counseled Amended Petition, clearly treating it as a properly filed Amended Petition. Explaining as part of the procedural history that the PCRA Court dismissed the counseled Amended Petition does not show deference to the PCRA Court, but states the facts of the procedural history of this case.

In looking thoroughly and thoughtfully at the Magistrate Court's stated reasoning behind its recommendation, the Court does not find any evidence of deference to the PCRA Court's findings of fact or conclusions of law. Rather, the Magistrate Court's findings as to the majority of Petitioner's claims were that the claims were barred because of Petitioner's failure to raise them on appeal to the Superior Court.[4] Out of an abundance of caution, the Magistrate Court conducted a merits review of two claims *de novo*, again without deference to the PCRA Court.[5]

---

[4] The only claim that the Magistrate Court dismissed without any reference to procedural default was ground three. As to ground three, the Magistrate Court held that Petitioner's claim that he was constructively denied PCRA counsel at a "critical stage" of his PCRA proceedings relates solely to Petitioner's collateral proceedings, and not to the events that led to his conviction. (R&R at 10.) The Magistrate Court explained that the Third Circuit has held that events related solely to Petitioner's

8

As to grounds one, two, four, and five, the Magistrate Court found that these claims were procedurally defaulted because Petitioner did not appeal these claims to the Superior Court, following the PCRA Court's denial. (R&R at 7-12.) The Magistrate Court correctly explained that a state prisoner must exhaust his state court remedies before a federal court may grant him habeas relief. 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A petitioner in Pennsylvania must appeal such claims to the Pennsylvania Superior Court. *Whitney v. Horn*, 280 F.3d 240, 250 n. 10 (3d Cir. 2002).

The Magistrate Court determined that Petitioner had failed to allege any of his grounds for relief in his habeas corpus writ on appeal to the Pennsylvania Superior Court. (R&R at 7, 9-10, 11, 12.) The Magistrate Court reviewed Petitioner's August 11, 2011, appeal to the Superior Court. (Sup. App.) In this appeal, Petitioner alleged three claims: (1) Whether the PCRA Court lacked jurisdiction to order appellant to file a 1925(b) statement after superior court remanded case back to the PCRA Court for the limited purpose of conducting a *Grazier* hearing; (2) Whether the PCRA Court's notice of intent to dismiss order violated appellant's federal constitutional procedural due process rights under the Fourteenth Amendment when failing to provide actual notice to counsel of record as procedurally mandated under Pa. R. Crim. P. 114(B)(1) and 907(1); and (3) was the PCRA Court's dismissal of PCRA Counsel's Amended PCRA Petition a legal nullity, compelling remand, since the counseled pleading was submitted without a signed verification by appellant authorizing its filing

---

collateral proceedings are not entitled to habeas review. (R&R at 10 (citing *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004))). This determination in no way relied upon deference to the PCRA Court.

[5]     Despite finding that the claims were likely barred, the Magistrate Court reviewed the merits *de novo* of two of Petitioner's claims. First, as to ground one, the Magistrate Court reviewed the sufficiency of the evidence as to the conspiracy charge *de novo*. (R&R at 6-8.) Reviewing the evidence *de novo*, the Court found that "there was more than enough circumstantial evidence to permit a rational trier of fact to infer a conspiracy between Nunez and [Petitioner's conspirator Rashaan]Washington," including that Mr. Washington testified that he heard Petitioner state that he was going to "merc that boy," which Mr. Washington explained meant to "kill" him, Mr. Washington stayed with Petitioner while Petitioner set the car on fire, they hid out together, and Mr. Washington further helped destroy evidence of the crime. (R&R at 6-7.) The Magistrate Court based this recommendation exclusively on a *de novo* review of the trial transcripts. (R&R at 6-7.) This decision was not based upon any deference to the findings of fact or conclusions of law of the PCRA Court.
    Second, as to ground four, the Magistrate Court found that Petitioner's *Batson* claim was insufficiently pled and provided only conclusory allegations that did not deserve the Court's deference. (R&R at 10.) As with ground one, this merits analysis did not rely on deference to the PCRA Court's findings of fact or conclusions of law.

pursuant to Pa. R. Crim. P. 902(A)(14)(b). (Sup. App.) These claims were not addressed in Petitioner's Petition for a Writ of Habeas Corpus. Moreover, the Magistrate Court explained that Petitioner could not return to state courts because such claims are time-barred. (R&R at 9.) Thus, these claims are procedurally defaulted.

The Magistrate Court further analyzed whether the procedurally defaulted claims could still be brought in federal court. A petitioner may bring procedurally defaulted claims in federal court in limited circumstances. To bring a procedurally defaulted claim in federal proceedings, Petitioner must demonstrate either (a) cause for the default and actual prejudice arising from the alleged violation of federal law, or (b) failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish a fundamental miscarriage of justice, Petitioner must demonstrate actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324-32 (1995).

First, the Magistrate Court held that Petitioner did not provide sufficient explanation justifying the failure to appeal the PCRA Court's denial to the Superior Court. (R&R at 9.) The Magistrate Court found that the alleged procedural errors of the PCRA Court were irrelevant to the issue of whether Petitioner, after gaining the right to represent himself *pro se* on appeal to the Superior Court, alleged these claims in his appeal to the Superior Court. (R&R at 9.) Second, the Magistrate Court found that Petitioner had not argued that he was actually innocent, and thus did not show a miscarriage of justice. (R&R at 8-9.) In making such determinations, the Magistrate Court reviewed the language of Petitioner's pro-se appeal to the Superior Court and his writ for Petition of Habeas Corpus, not the orders of the PCRA Court. (R&R at 7-12.)

Thus, the only construction of "deference" that the Court discerns is the deference to the docket. A plain reading of the docket entries in this case shows that Petitioner's counsel submitted a document titled "Amended Petition" to the PCRA Court; the PCRA Court construed the document as an "Amended Petition;" dismissed it; Petitioner gained the right to appeal the PCRA Court's decision to the Superior Court. On appeal to the Superior Court, Petitioner did not raise any cognizable claims brought today in his writ for habeas corpus. Whether or not the PCRA Court committed procedural error is irrelevant given that the Magistrate Court did not defer to the PCRA Court in its analysis on any dispositive issue.

Therefore, Petitioner's argument about misplaced deference fails as there was no dispositive deference shown in the first place. The Court finds no error in the reasoning employed by the Magistrate Court.

Petitioner's objection is OVERRULED.

### 3. The Magistrate Court did not abuse its discretion in denying counsel. (Pet. Objs. at 12.)

As discussed in Part I, Petitioner's "objection" to the denial of counsel is not an "objection" to the R&R, but rather an appeal of the Magistrate Court's Order dated March 20, 2014. (Dkt No. 33.) As this Order concerned a non-dispositive issue, the Court shall review it for clear error.

Petitioner argues that "the Magistrate appears to have denied Nunez counsel because the court was frustrated with his inability to move his case forward." (Pet. Objs. at 12.) The Court finds no evidence that the Magistrate Court relied on this justification in the language of the Magistrate Court's Order. The Magistrate Court explained that a habeas corpus petitioner has no right to appointed counsel. (Dkt No. 33.) The Magistrate Court "determined in its discretion that the interest of justice do not require that Petitioner's motions be granted." (Dkt No. 33.) There is nothing in this language to allow this Court to find that the Magistrate Court relied on inappropriate considerations in making this determination. The Court finds no clear error.

Petitioner's objection is OVERRULED.

### IV. Conclusion

Having overruled all of Petitioner's objections, the Court reviews the Magistrate Court's decision for clear error. Finding none, the Court adopts and affirms the Magistrate Court's decision.

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. DARNELL JONES, II, J.